UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL RYAN MERRY,

       Plaintiff,

v.

                                  Case No.: _____

MURPHY OIL USA, INC.,
BRYCO FUELING SOLUTIONS, LLC,    State Court Case No.: 2012 CA 3831
ADDITECH SERVICING CO.,
and ADDITECH, INC.,

       Defendants.
_____/

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Additech, Inc. ("Additech" or "Defendant") hereby removes this action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, where it is currently pending, to the United States District Court for the Northern District of Florida, Tallahassee Division.  The Court has jurisdiction over this action, and it is properly removable to this Court because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support of this removal, Additech states as follows:

### The Removed Case

1.      Plaintiff commenced this action on or about November 26, 2012, by filing a Complaint against Murphy Oil USA, Inc., Bryco Fueling Solutions, LLC, and Additech

Servicing Co.[1] in the Circuit Court of Leon County, bearing Case Number 2012 CA 3831 ("Lawsuit").

2.      On or about December 20, 2012, Plaintiff filed an Amended Complaint, adding Additech, Inc. as a defendant to the Lawsuit.

3.      In the Amended Complaint, Plaintiff Daniel Merry alleges that he suffered various injuries when he "slipped and fell on a wet and/or slippery foreign transitory substance" at a property located at or near 3501 Apalachee Parkway, Tallahassee, Leon County, Florida.  Am. Compl. ¶¶ 9; 11 (attached within Exhibit A).

4.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and Additech satisfies the procedural requirements for removal.

## GROUNDS FOR REMOVAL

5.      This action may be removed under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In addition, no defendant is a citizen of the State of Florida.

**A.      Complete Diversity Of Citizenship Exists Between The Parties.**

6.      Plaintiff is, and was at the time of filing this action, a citizen of the State

---

[1]      Additech Servicing Co. is not, and has never been, a legal entity.  It is not separately amenable to suit.  Moreover, it has never been served in this action with either the Complaint or the Amended Complaint.  Therefore, it is inconsequential for purposes of removal.

of Florida. *See* Am. Compl. ¶ 2. Publicly available records show that Plaintiff is, and was at the time of filing this action, a Florida citizen maintaining a Florida address since at least 2002. Publicly available records also show that Plaintiff holds a Florida driver's license, a Florida motor vehicle registration, is a registered voter in Florida, and owns property in Florida. Furthermore, medical records provided by Plaintiff's counsel to Defendant confirm that Plaintiff maintains an address in Perry, Florida. Accordingly, Plaintiff is, and was at the time of filing this action, a Florida citizen for purposes of determining diversity of citizenship. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757-60 (11th Cir. 2010) (a defendant removing within 30 days of service may provide the basis for removal, including information outside the complaint, without relying solely upon information from the plaintiff).

7.    Additech is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Texas with its principal place of business in Houston, Texas, and, therefore, is a citizen of the State of Texas for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

8.    Murphy Oil USA, Inc. ("Murphy Oil") is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in El Dorado, Arkansas, and, therefore, is a citizen of the States of Delaware and Arkansas for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

9.    Bryco Fueling Solutions, LLC ("Bryco") is, and was at the time Plaintiff commenced this action, a limited liability company whose sole members are (and were)

3

W. Ray Cross and Melanie B. Cross, who are (and were) both citizens of Georgia. Accordingly, Bryco Fueling Solutions, LLC is a citizen of Georgia. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

10. Thus, there is complete diversity among the parties because Plaintiff is a citizen of Florida, while the Defendants Additech, Murphy Oil, and Bryco are not. *See generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

## B. The Amount-In-Controversy Requirement Is Satisfied.

11. It is apparent from the face of the Amended Complaint, along with information and documents provided by Plaintiff's counsel, that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. When, as here, the jurisdictional amount is not alleged in the complaint, the Court must consider the removal notice and documents concerning the amount in controversy. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka*, 608 F.3d at 754); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").

4

12.    The Amended Complaint alleges economic and non-economic damages as a result of Plaintiff's slip and fall.  *See* Am. Compl. ¶¶ 16, 24, 32.  Plaintiff seeks economic damages, including for "medical expenses in the treatment of his injuries," and alleges "his working ability was impaired" and seeks compensation for his "loss of ability to earn money."  *Id.*

13.    Plaintiff seeks non-economic damages for "injuries in and about his body and extremities" and alleges he "suffered pain therefrom" as well as "suffered physical handicap."  *Id.*

14.    Plaintiff further alleges that the injuries are either "permanent or continuing" in nature and that "Plaintiff will suffer the losses and impairment in the future."  *Id.*

15.    Moreover, in a demand letter sent to Bryco by Plaintiff's counsel on March 19, 2012, Plaintiff's counsel provided medical records and demanded payment of $375,000.00 for pain, medical bills, compensation, and all other damages suffered as a result of the accident.  According to the demand letter, Plaintiff's damages include treatment for an injured knee, with surgical intervention.  *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008) (considering a pre-suit demand letter to analyze the amount in controversy); *Rollo v. Keim*, No. 3:09cv146/MCR/EMT, 2009 WL 1684612, at *3 (N.D. Fla. June 16, 2009) (relying upon a pre-suit demand letter seeking $200,000.00, even under the more-stringent *Lowery* standard for removal that does not apply here, to hold that the amount in controversy was met).

16.     Given this demand, as well as the nature of the alleged injuries, and the broad scope of damages requested, both economic and non-economic, and past and future, it is "'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdictional minimum, even [though] 'the complaint does not claim a specific amount of damages.'"  *Roe*, 613 F.3d at 1061 (quoting *Pretka*, 608 F.3d at 754).

*17.*     Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs, *see Pretka*, 608 F.3d at 757-60, and Additech sufficiently alleges the basis for diversity jurisdiction at the notice-of-removal stage as allowed within the Eleventh Circuit.  *See id.* at 754, 772 (reversing the trial court's holding that "a removing defendant [must] submit all of its jurisdiction-supporting evidence *before* the plaintiff files a motion to remand" and holding that a removing defendant may allege the facts establishing jurisdiction and later "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations") (emphasis in original);[2] *see generally Corp. Mgmt.*

---

[2]     *See also Leon v. First Liberty Ins. Corp.*, No. 8:12-cv-1613-T-30MAP, 2012 WL 5419208, at *2 (M.D. Fla. Nov. 6, 2012) (recognizing that "the Eleventh Circuit has broadened the type of evidence a district court may consider" on jurisdiction and considering documents submitted after removal); *Bay Village of Sarasota, Inc. v. Sunday*, No. 8:11-cv-1594-T-30TGW, 2011 WL 3516123, at *2 (M.D. Fla. Aug. 11, 2011) (court must consider "evidence submitted in response to a motion to remand"); *Sparkman v. State Farm Auto. Ins. Co.*, No. 3:11-cv-123-J-37TEM, 2011 WL 3269462, at *3 (M.D. Fla. Aug. 1, 2011) (removing defendant may "effectively cure[] any defects by filing additional evidence with its response to motion to remand"); *Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236-37 (S.D. Fla. 2011) (defendant "is permitted to submit post-removal evidence regarding the amount in controversy" and denying remand based upon defendant's affidavit "attached to its response to the motion to remand" that established the amount in controversy at the time of removal).

*Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009) (holding that "the failure to allege facts sufficient to establish subject matter jurisdiction in a notice of removal is a defect in the removal procedure . . . and consequently, the district court cannot *sua sponte* remand" the case as long as the removing party pleads the general basis for diversity jurisdiction).[3]

### C.    The Other Prerequisites For Removal Are Satisfied.

18.    In addition to satisfying the requirements of diversity jurisdiction, Additech satisfies all other requirements for removal.

### The Removal Is Timely

19.    Additech was served with the Complaint in this action on January 16, 2013.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within 30 days of receipt of the initial pleading by Additech and within one year of commencement of the action.  *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205, n.4 (11th Cir. 2008) (adopting the last-served defendant rule so that each defendant has 30 days from service upon it in which to file a notice of removal).

---

[3]    *Warming Tree Serv., Inc. v. BellSouth Adver. & Publ'g Corp.*, No. 3:09-cv-124-J-32MCR, 2009 WL 2869317, at *2 n.3 (M.D. Fla. Sept. 1, 2009) (court must "allow parties opportunity to cure defective allegations of jurisdiction" and cannot *sua sponte* remand without doing so); *Investorhub.com, Inc. v. Zecevic*, No. 09-60060-CIV, 2009 WL 1140039, at *2 (S.D. Fla. Apr. 28, 2009) (when "the notice of removal fails to set forth the [c]ourt's jurisdiction properly . . . the Eleventh Circuit has held . . . that the removing party must have an opportunity to cure the defect" without a *sua sponte* remand).

### The Venue Requirement is Met

20.    The Circuit Court of Leon County is located within the Northern District of Florida, Tallahassee Division.  *See* 28 U.S.C. § 1441(a).

21.    No defendant is a citizen of the State of Florida, where this action was brought.  *See* 28 U.S.C. § 1441(b)(2).

### Filing of Removal Papers

22.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2(A), copies of all process, pleadings, and orders, which papers include the Amended Complaint, are attached collectively as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Leon County Circuit Court.  A true and correct copy of the Notice of Filing Notice of Removal filed in the Second Judicial Circuit is attached within Exhibit A.

### Consent to Removal

23.    Defendants Murphy Oil and Bryco consent to this removal.  *See* Consents (attached as composite Exhibit B).

24.    Thus, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. section 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Florida; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Additech, Inc. respectfully removes this action from the Circuit Court of Leon County, bearing Case No. 2012-CA-3831, to this Court.

/s/ Kathryn H. Christian
Kathryn H. Christian
Florida Bar Number 0027594
Jaret J. Fuente
Florida Bar Number 0146773
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
Telephone:      (813) 223-7000
Facsimile:      (813) 229-4133
Email:  kchristian@carltonfields.com
        jfuente@carltonfields.com
Attorneys for Defendant Additech, Inc.

## CERTIFICATE OF SERVICE

I CERTIFY that on the 15th day of February, 2013, a copy of this pleading was mailed to Jason Turchin, Law Offices of Jason Turchin, 2883 Executive Park Drive, Suite 103-A, Weston, Florida 33331, Counsel for Plaintiff; Joe Longfellow, III and Robert C. Crabtree, Andrews, Crabtree, Knox & Andrews, LLP, 1558 Village Square Blvd., Suite 1 Tallahassee, FL 32309, Counsel for Murphy Oil USA, Inc.; and Stewart Poage and Chad Hess, Kubicki Draper, 1276 Metropolitan Blvd Ste 304, Tallahassee, Florida 32312-2559, Counsel for Defendant Bryco Fueling Services, LLC.

/s/ Kathryn H. Christian
Attorney

9